# EXHIBIT 10

Bryan Cave Leighton Paisner

BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center
7th Floor
San Francisco CA 94111 4070
T: +1 415 675 3400
F: +1 415 675 3434
bclplaw.com

December 10, 2025

Jonathan G. Fetterly
Partner
Direct: +1 415 675 3451
jon.fetterly@bclplaw.com

Marcia Meis
Director
Administrative Office of the Illinois Courts
222 N. LaSalle St., 13th Floor
Chicago, IL 60601
MMeis@illinoiscourts.gov

Hon. P. Scott Neville, Jr.
Chief Justice, Illinois Supreme Court
Supreme Court Clerk's Office
Supreme Court Building
200 East Capitol Ave.
Springfield, IL 62701
SNeville@illinoiscourts.gov

**Via Overnight Delivery and Electronic Mail**

Director Meis and Chief Justice Neville:

We represent Courthouse News Service, a nationwide news service founded almost 30 years ago to report news about civil litigation. We are writing to address pervasive delays in access to new civil complaints e-filed in Illinois circuit courts. While these delays present a serious constitutional issue, they can be easily resolved. We ask that you use your administrative authority to implement a solution.

**Delayed Access in Illinois Circuit Courts**

New civil complaints are a traditional source of news covered by newsrooms across the nation. When Courthouse News started covering new civil complaints filed with the Cook County circuit court nearly thirty years ago, its reporter covered new paper-filed complaints on the day they were filed by going behind the counter in the clerk's office at the Richard J. Daley Center Courthouse and reviewing new complaints that had been placed in a tray next to intake clerks, before they were docketed. Reporters from *Chicago Tribune, Chicago Sun-Times* and *Chicago Daily Law Bulletin* would also regularly check the new complaints on the day they were filed by going behind the counter.

The Illinois courts, like many states in the nation, have taken great strides in recent years to advance the use of technology as paper has given way to electronic filing. This includes Illinois' implementation of unified, statewide e-filing and public access systems using the nation's largest provider of court software and technology services, Tyler Technologies.

Unfortunately, these systems are currently configured in a way that results in significant and ongoing delays in access to new e-filed civil complaints. Instead of making the complaints available as the court receives them, the statewide e-filing system (Tyler's eFile & Serve) is currently set up to withhold access to submitted filings until after a clerk completes clerical processing. As a result, new complaints sit in the statewide system, effectively sealed, while they wait for local clerks to "accept" them.

Based on Courthouse News' tracking of new e-filed civil complaints in Illinois' 13 most populous counties beginning in August, more than half of the tracked filings were withheld from the public until at least the day after filing. Approximately one quarter of those e-filed complaints were withheld for two days or longer. Of course, processing new complaints is not the problem. The problem is the delay in access that results from keeping the complaints sealed while they sit in an electronic queue waiting to be processed.

BCLP
Bryan Cave Leighton Paisner

**How Other Courts Avoid Delays**

Fortunately, as e-filing technology has evolved, solutions to delayed access have emerged. One common method is to automatically accept e-filed documents, making them available to the public as they are filed. This model is familiar to many because most federal district courts configure e-filing to automatically accept new complaints. Many state courts – including Alabama, Connecticut, Hawaii, Missouri, and Utah – and the District of Columbia also avoid access delays by automatically accepting new complaints.

Other courts condition "acceptance" of a complaint on clerk processing but do not withhold access prior to acceptance. These courts provide access in a variety of ways, ranging from freely available websites to special "press queues" available to those with controlled credentials. Courts that provide access prior to clerk processing and acceptance include Arizona, Florida, Iowa, Kansas, Maryland, New Mexico, New York, Oregon, South Dakota and many counties in California, Georgia, Ohio, and Texas.

Illinois' e-filing system can be configured to provide un-delayed access through any of the access solutions used by other states. In fact, many of the states listed above (including Maryland, New Mexico, Oregon, South Dakota, Vermont, and Texas) use the same Tyler eFile and Serve system that Illinois uses.

**Moving Forward**

As you may know, Courthouse News challenged access delays in Cook County circuit court when it began transitioning to mandatory e-filing. Judge Matthew Kennelly issued a preliminary injunction against the policy, concluding that Cook County's policy of withholding e-filed complaints until after administrative processing likely violated Courthouse News' First Amendment right of timely access. *Courthouse News Serv. v. Brown*, 2018 WL 318485, at *6 (N.D. Ill. Jan. 8, 2018); *see also Courthouse News Serv. v. Brown*, 2018 WL 835220, at *3 (N.D. Ill. Feb. 13, 2018) ("[O]ne might think that a mechanism for compliance with the public's right of access to judicial proceedings is a necessary component of an appropriate e-filing system … and not some sort of a frill, as Brown's argument seems to suggest."). The Seventh Circuit decided that the federal court should abstain from deciding the matter while Cook County was figuring out how to implement e-filing. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1070 (7th Cir. 2018). Since then, the e-filing landscape in Illinois has changed considerably, with the circuit courts using a statewide e-filing system implemented by the Administrative Office and supplied by a leading technology company that provides established access solutions used by courts across the nation.

While Courthouse News has successfully challenged practices that result in delayed access to new complaints through First Amendment litigation, it would prefer to work with the Administrative Office to resolve the problem.

To that end, we welcome the opportunity to meet with you to further discuss these issues. We are also happy to share in greater detail the ways other courts – including those using Tyler's eFile & Serve – have avoided or solved unconstitutional access delays.

Please let us know your preferred course for further discussing and addressing these issues.

Very truly yours,

**Jonathan G. Fetterly**