# EXHIBIT 12

## Jon Fetterly

**From:** Jon Fetterly
**Sent:** Thursday, June 18, 2026 1:45 PM
**To:** John Chatz
**Cc:** Katherine Keating
**Subject:** RE: Courthouse News [_BCLP-USA.1351115.000092.FID1318563]

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

John,

Thank you for letting us know the AOIC's position.

As you know, we alerted Administrator Meis and Chief Justice Neville on December 10, 2025, to pervasive delays in Courthouse News' ability to access newly e-filed civil complaints resulting from the AOIC's practice of withholding access to new civil complaints until after clerk processing. Six months have now passed and in that time delays have persisted, including periods of particularly poor access.

We have offered several concrete suggestions for how the AOIC could solve these delays. These suggestions were based on solutions successfully implemented by other courts that use the same e-filing system used by the Illinois courts. Despite the availability of these solutions here, we understand the only step the AOIC is willing to consider to address the pervasive access delays is modifying the Manual on Recordkeeping to provide that clerks should accept or reject civil case-initiating documents within the same day that they are submitted to the court "where practical." We have explained why such a measure is unlikely to provide more than a marginal improvement in access, at best.

Courthouse News has been patient but cannot report effectively in the face of these persistent access delays. If the AOIC is unwilling to implement a reliable and permanent solution within three months, Courthouse News will need to resort to a different path to protect its access rights under the First Amendment.

BCLP.

Jonathan G. Fetterly
Partner
Bryan Cave Leighton Paisner LLP - San Francisco, CA USA
Jon.Fetterly@bclplaw.com
T: +1 415 675 3451

---

**From:** John Chatz <jchatz@IllinoisCourts.gov>
**Sent:** Thursday, June 11, 2026 12:16 PM
**To:** Jon Fetterly <Jon.Fetterly@bclplaw.com>
**Cc:** Katherine Keating <katherine.keating@bclplaw.com>
**Subject:** RE: Courthouse News [_BCLP-USA.1351115.000092.FID1318563]

Jon:

Thank you for the information and, likewise, the AOIC appreciates your client's willingness to discuss the issues. At this time, we do not intend to implement a pre-acceptance press queue. The AOIC remains committed to continuing to work with our judicial branch partners on ways to reduce times associated

with the review and acceptance process and therefore ensuring access to non-confidential civil complaints as quickly as possible.

Please let me know if you would like to discuss further.

John Chatz
Chief of e-Business and Data Strategies
Administrative Office of the Illinois Courts
222 N. LaSalle, 13th Floor
Chicago, IL 60601
Mobile: 217-622-5254
jchatz@illinoiscourts.gov

---

**From:** Jon Fetterly <Jon.Fetterly@bclplaw.com>
**Sent:** Thursday, May 7, 2026 4:58 PM
**To:** John Chatz <jchatz@IllinoisCourts.gov>
**Cc:** Katherine Keating <katherine.keating@bclplaw.com>
**Subject:** RE: Courthouse News [_BCLP-USA.1351115.000092.FID1318563]

John,
Thank you for the email and clarification regarding the AOIC's current thinking.

While we appreciate the AOIC's desire to address the delays in access to new civil complaints, our experience is that efforts to prompt local clerks to process new complaints faster typically do not solve the problem. This is especially true in more populous states and counties with larger volumes of filings. So long as access to new complaints is restricted until after clerks complete administrative processing, access delays are inevitable. This can be for any number of different reasons including insufficient staffing, filings submitted after clerks go home for the day, or clerks deciding it is not practical to process new filings on the day of receipt. In our experience, consistently providing un-delayed access to new e-filed civil complaints means not withholding access to them until after clerk processing.

We therefore ask that the AOIC reconsider its stance on providing pre-processing access to the limited universe of non-confidential civil complaints at issue here. During our last call you referenced the different case management systems used by the Illinois courts as a reason why implementing a press queue might be challenging. However, a press queue would provide access to newly submitted e-filed complaints while they are housed in the statewide e-filing system. The Illinois courts' use of different case management systems should not pose a problem. You also referenced costs, but courts across the nation provide pre-processing access using a wide range of cost-effective measures, including developing their own press queues in-house or activating the free auto-accept functionality included in Tyler's e-filing system.

We would encourage the AOIC to discuss with other states how they have successfully implemented press queues (or auto-accept) to solve the problem of delayed access to new civil complaints. We can provide references, if helpful.

We remain available to discuss this with you further and look forward to your response.

Jon

Jonathan G. Fetterly
Partner
Bryan Cave Leighton Paisner LLP - San Francisco, CA USA
jon.fetterly@bclplaw.com
T: +1 415 675 3451

**From:** John Chatz <jchatz@IllinoisCourts.gov>
**Sent:** Tuesday, April 28, 2026 1:47 PM
**To:** Jon Fetterly <Jon.Fetterly@bclplaw.com>
**Cc:** Katherine Keating <katherine.keating@bclplaw.com>
**Subject:** RE: Courthouse News

Jon:

Part 1, Section F (Basic Record), Paragraph 3 of the Manual on Recordkeeping provides as follows:

> The Basic Record should be completely up to date not later than one working day after a document is filed or an event occurs."

My thinking was that this section could be revised or a provision could be added to it providing that civil case initiations must be filed and either accepted or rejected by the Clerk, where practical, within the same business day that the filing is received.

John Chatz
Chief of e-Business and Data Strategies
Administrative Office of the Illinois Courts
222 N. LaSalle, 13th Floor
Chicago, IL 60601
Mobile: 217-622-5254
jchatz@illinoiscourts.gov

**From:** Jon Fetterly <Jon.Fetterly@bclplaw.com>
**Sent:** Thursday, April 2, 2026 12:16 PM
**To:** John Chatz <jchatz@IllinoisCourts.gov>
**Cc:** Katherine Keating <katherine.keating@bclplaw.com>
**Subject:** RE: Courthouse News

Hi John,

I understood from our meeting that you will provide us something in writing that explains the AOIC's current thinking and proposal, but we may not receive it until after next week. In the meantime, I have a quick question I am hoping you can answer.

You referenced a revision to the Manual on Recordkeeping, but I do not recall if that would be the creation of a new provision or a revision to an existing provision. If the latter, can you please point me to the existing provision in the manual?

Thanks,
Jon

Jonathan G. Fetterly
Partner
Bryan Cave Leighton Paisner LLP - San Francisco, CA USA

jon.fetterly@bclplaw.com
T: +1 415 675 3451

---

**From:** John Chatz <jchatz@IllinoisCourts.gov>
**Sent:** Wednesday, March 25, 2026 10:25 AM
**To:** Jon Fetterly <Jon.Fetterly@bclplaw.com>
**Subject:** Courthouse News

Hi Jon:

This is a link to our Manual on Recordkeeping that we discussed at our meeting last week:

https://www.illinoiscourts.gov/courts/circuit-court/manual-on-recordkeeping/

**John Chatz**
**Chief of e-Business and Data Strategies**
**Administrative Office of the Illinois Courts**
222 N. LaSalle Street, 13th Floor
Chicago, IL 60601
Mobile: 217-622-5254
jchatz@illinoiscourts.gov

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.